UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-CR-10306-RGS

UNITED STATES OF AMERICA

v.

SCOTT GAYLORD

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

March 19, 2012

STEARNS, D.J.

Defendant Scott Gaylord pled guilty to two counts of distribution of cocaine and cocaine base (crack). Under a plea agreement, Gaylord was held accountable for a total of 27.3 grams of crack, and 1.5 kilograms of powder cocaine. Gaylord's plea agreement enhanced his offense level by two – for possession of a firearm – and then reduced it by three – for his acceptance of responsibility – for a total offense level of 27, a criminal history category of V, and a guideline sentencing range of 120 to 150 months. He was sentenced on September 5, 2008, by the court to 120 months of imprisonment – the statutory mandatory minimum sentence.

Gaylord now asks that the court reduce his sentence based on the Fair Sentencing Act, Pub. L. No. 111-120, 124 Stat. 2372 (FSA), an amendment to the United States Sentencing Guidelines (USSG Amendment) that took effect on

November 1, 2011, and the limited authority granted by Congress to retroactively revise a sentence. *See* 18 U.S.C. § 3582(c)(2). The USSG Amendment generally "adjust[ed] downward by two levels the base offense level ascribed to various quantities of crack cocaine" in the Guidelines Manual drug quantity table. *United States v. Caraballo*, 552 F.3d 6, 8 (1st Cir. 2008). Gaylord argues that under the amended guidelines, "the marijuana equivalency of the crack and powder cocaine for which he was held liable is now Level 26. . . . [and] Defendant's new total offense level is 25." Def. Mem. at 3. Gaylord asserts that Level 26 yields an advisory sentencing guidelines range of 100-125 months. He moves for a sentence reduction "to the low end, for a total sentence of 100 months." *Id*.

The government opposes Gaylord's motion, arguing that the USSG Amendment is inapplicable to Gaylord's sentence as it was a mandatory minimum sentence. The court agrees. While the FSA directed the Sentencing Commission to adopt new guidelines consistent with its provision reducing the disparity between crack cocaine and powder cocaine penalties from 100:1 to an 18:1 ratio, it does not apply to defendants (like Gaylord) who were sentenced prior to August 3, 2010. *See United States v. Goncalves*, 642 F.3d 245, 252-255 (1st Cir. 2011).

Gaylord contends that the First Circuit's decision in *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011), supports his sentence-reduction request. However, the

issue in *Douglas* was dissimilar. In that case, Judge Boudin analyzed the sentence of a defendant who had pled guilty prior to the effective date of the FSA, but who was sentenced in the interval prior to the Sentencing Commission's adoption of conforming guidelines on November 1, 2010. Because Gaylord's 120-month sentence was based on the applicable statutory mandatory minimum in effect at the time of his sentencing in 2008, neither the FSA nor the changes to USSG § 2D1.1 affect the outcome. *Cf. Douglas,* 644 F.3d at 46.

## ORDER

For the foregoing reasons, Gaylord's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE